UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRINIDAD MARGARITO and GUADALUPE
MARGARITO,

                          Plaintiffs,

   -against-

885 10TH AVENUE LLC, PINNACLE
MANAGING CO LLC, RICH INTERNATIONAL
INC., EDWARD PARK, and ABIDIN RADONCIC,

                         Defendants.
-------------------------------------------------------------X

Civil Case No.: 17-cv-381

        Plaintiffs TRINIDAD MARGARITO and GUADALUPE MARGARITO (collectively, the "Plaintiffs"), by their attorneys, DEALY SILBERSTEIN & BRAVERMAN, LLP, complaining of Defendants 885 10TH AVENUE LLC ("885 10TH Avenue"), PINNACLE MANAGING CO LLC ("Pinnacle"), Rich International Inc. ("Rich"), Edward Park ("Park") and Abidin Radonic ("Radoncic")(collectively, the "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

      1.      Plaintiffs are former employees at 885 10TH Avenue, New York, New York 10019 (the "Building") which is managed, owned and/or controlled by the Defendants. This is a civil action, seeking unpaid wages, including minimum wage and unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

      2.      This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL")

(*e.g.*, New York Wage Payment Act; NY Labor Law §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142).

## VENUE

3. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391 on the grounds that Defendants transact business and have agents in the Southern District, and are otherwise within this Court's jurisdiction for purposes of service of process.

4. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

I. *Plaintiffs*

5. Trinidad Margarito is an adult, natural person who resides in the City, County and State of New York.

6. At all relevant times, Trinidad Margarito lived in the Building and worked as a superintendent in the Building from approximately 2000 through his termination on December 12, 2016.

7. Guadalupe Margarito is an adult, natural person who resides in the City, County and State of New York.

8. At all relevant times, Guadalupe Margarito lived in the Building and worked as a porter in the Building. In this capacity, Guadalupe Margarito was an "employee" as defined in Section 3(e)(1) of the Act, 29 U.S.C. 203(e)(1), and Defendants were her "employers" within the meaning of Section 3(d) of the Act, 29 U.S.C. 203(d).

2

II.  *Corporate Defendants*

9. Upon information and belief, 885 10TH Avenue is a New York real estate limited liability corporation doing business in the County of New York, State of New York. Upon information and belief, 885 10TH Avenue owns the Building.

10. Upon information and belief, Rich is a Delaware corporation doing business in the County of New York, State of New York. Upon information and belief, Rich owns 885 10TH Avenue.

11. Upon information and belief, Pinnacle is a New York limited liability corporation doing business in the County of New York, State of New York. Upon information and belief, Pinnacle is responsible for the management of the Building.

12. 885 10TH Avenue, Pinnacle and Rich are real estate companies doing business in New York and as such, constitute an enterprise as defined in Section 3(r)(1) of the Act, 29 U.S.C(r)(1).

13. 885 10TH Avenue, Pinnacle and Rich also constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C 203(s)(1)(A), in that 885 10TH Avenue, Pinnacle and Rich's employees are engaged in interstate commerce and Defendants' annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

III.  *Individual Defendants*

14. Upon information and belief, Park is the Chief Executive Officer and/or serves as the most senior corporate officer and/or managing member of Rich and 885 10TH Avenue.

15. Upon information and belief, Park constitutes an employer of Plaintiffs under the FLSA and NYLL because Park (i) exercises control over Rich and 885 10TH Avenue; (ii)

he has the ultimate responsibility for the Plaintiffs' wages; and (iii) he hires and directly supervises the managerial employees.

16. Upon information and belief, Radoncic is employed by Pinnacle and serves as the property manager at 885TH Avenue.

17. Upon information and belief, Radoncic constitutes an employer of Plaintiffs under the FLSA and NYLL because Radoncic (i) had the power to hire and fire Plaintiffs; (ii) controlled the terms and conditions of employment; and (iii) determined the rate and methods of compensation, if any, in exchange for Plaintiffs' services.

18. Upon information and belief, Radoncic was directly involved in and personally responsible for the egregious violations of wage laws that were committed by the Defendants herein, including, but not limited to, failing to compensate Guadalupe Margarito entirely.

19. As employers of the Plaintiffs, Park and Radoncic (collectively the "Individual Defendants") are liable for the violations of the FLSA and NYLL.

20. Upon information and belief, Defendants jointly employed Plaintiffs and had the power to hire and fire them, supervised and controlled their work schedules and the conditions of their employment, determined the rate and method of their payment, and maintained their employment records.

21. Upon information and belief, Plaintiffs' formally-recognized employers could and occasionally did shift from one Defendant to another.

22. Upon information and belief, Defendants share common labor policies and practices.

## FACTUAL ALLEGATIONS

23. As described herein, Defendants have, for years, knowingly failed to adequately compensate Plaintiffs for wages, including minimum wage and premium

4

(overtime) wages due, under the FLSA (29 U.S.C. §§ 206 and 207), the New York Wage Payment Act, Labor Law § 190, *et seq.*, the New York Minimum Wage Act, Labor Law § 650, et seq., and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. Defendants engaged in unlawful business practices requiring employees to work without being paid the legal minimum wage and often requiring overtime on a daily and/or weekly basis without overtime compensation.

24. Defendants had the right to control, and did in fact control, the hours, hourly pay, assignments and schedules of Plaintiffs.

25. Defendants failed to keep complete and/or accurate records of the hours worked by and wages paid to Plaintiffs.

26. Defendants failed to pay Plaintiffs overtime wages at one and one half times their regular rate of pay for hours worked in excess of forty (40) hours per work week.

27. Defendants failed to pay Plaintiffs minimum wages as required by law.

28. As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL. This practice or pattern includes, *inter alia*:

      a. Failing to record hours or establish, maintain and preserve for not less than six (6) years contemporaneous, true, and accurate payroll records;

      b. Willfully failing to pay Plaintiffs required minimum wages and/or one and one half times their regular rate of pay for hours worked in excess of forty (40) per work week; and

      c. Failing to provide Plaintiffs with a wage notice as required by NYLL § 195.

29. Upon information and belief, Defendants unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

30. Defendants' unlawful conduct has been widespread, repeated and consistent.

**a.  Trinidad Margarito**

31. At all relevant times, Trinidad Margarito worked and lived in the building.

32. At all relevant times, Trinidad Margarito was employed as a superintendent in the Building.

33. Trinidad Margarito's responsibilities as a superintendent in the Building included, *inter alia*, cleaning, mopping, repairs, accepting deliveries, taking out the garbage and recycling, supervising vendors such as the exterminator, and maintaining vacant units.

34. As superintendent, Defendants required that Trinidad Margarito be on-call twenty-four (24) hours per day and the tenants were instructed to contact Trinidad Margarito as an emergency contact.

35. Defendants insisted that Trinidad Margarito fill out a timesheet which reflected no more than forty (40) hours of work per week.

36. However, in reality, Trinidad Margarito worked in excess of sixty (60) to seventy (70) hours per week.

37. Defendants failed to pay Trinidad Margarito time and a half his regular rate excess of forty (40) hours per week as required by the FLSA and NYLL.

38. Defendants also required Trinidad Margarito to pay for some of his own tools, even though such tools were solely for the benefit of the Defendants, in violation of Section 141-1.9 of the Rules promulgated by the New York State Department of Labor for the building service industry. 12 NYCRR § 141-1.9.

39. Defendants also unlawfully required Trinidad Margarito to pay for all and/or a substantial portion of work-related cell phone expenses, in violation of Section 141-2.10 of the regulations promulgated by the New York State Department of Labor for the building service industry. 12 N.Y.C.R.R. § 2.10(a).

40. Defendants unlawfully deducted wages from Trinidad Margarito's paycheck as a punishment when Defendants believed his work performance was insufficient.

41. As a result of illegal wage deduction, there were occasions when Trinidad Margarito's wages fell below the legal minimum wage.

### b. Guadalupe Margarito

42. At all relevant times, Guadalupe Margarito lived and worked in the Building.

43. At all relevant times, Guadalupe Margarito's responsibilities as a porter in the Building included, among other things, taking out the garbage, cleaning the building and sidewalk and handling deliveries for the Building. When the superintendent of the Building was unavailable, Guadalupe Margarito was left as the acting superintendent.

44. From 2005 through December 12, 2016, Defendants required Guadalupe to fill in for the superintendent, Trinidad Margarito, when he was unavailable to assist the tenants of the Building.

45. In this capacity, Guadalupe Margarito's responsibilities included, among other things, cleaning, mopping, repairs, accepting deliveries, taking out the garbage and recycling, supervising vendors such as the exterminator and attending to tenants.

46. Guadalupe Margarito worked an estimated twelve (12) hours per week for Defendants.

47. Tenants routinely observed Guadalupe Margarito working in the building.

48. Defendants did not require Guadalupe Margarito to fill out a timesheet.

49. By virtue of the foregoing, Defendants suffered and permitted Guadalupe Margarito to work in the Building.

50. Defendants received the benefits of Guadalupe Margarito working in the Building.

51. Defendants did not compensate Guadalupe Margarito for any job that she performed at the Building during the period of 2005 through December 12, 2016.

52. As a result, Guadalupe Margarito was unlawfully deprived of minimum wage to which she was entitled to under the FLSA and NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION
### FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 et seq.
### (On Behalf of All Plaintiffs)

53. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 52 with the same force and effect as if fully set forth herein.

54. Throughout the statute of limitations period covered by these claims, Defendants have knowingly failed to pay the minimum wage by failing to compensate Plaintiffs at the federal minimum wage rate.

55. By failing to pay minimum wage for all hours worked, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 203(m), 206, and 215(a)(2).

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thus the three (3) year statute of limitations applies.

57. Defendants' failure to pay minimum wages caused Plaintiffs to suffer loss of wages and interest thereon.

58. Accordingly, Plaintiffs are entitled to recover from Defendants unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages,

reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.*
### (On Behalf of Trinidad Margarito)

59. Trinidad Margarito repeats and realleges each and every allegation contained in Paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Throughout the statute of limitations period covered by these claims, Trinidad Margarito worked in excess of forty (40) hours per week.

61. Defendants failed to compensate Trinidad Margarito at the rate of one and one-half times the regular rate of pay for overtime hours.

62. By failing to pay overtime at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thus the three (3) year statute of limitations applies.

64. Defendants' failure to pay overtime caused Trinidad Margarito to suffer loss of wages and interest thereon.

65. Accordingly, Trinidad Margarito is entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law Violations- Minimum Wage
### (On Behalf of All Plaintiffs)

66. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 65 with the same force and effect as if fully set forth herein.

67. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiffs the required minimum wage.

68. Defendants willfully violated Plaintiffs' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

69. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs to suffer loss of wages and interest thereon.

70. Accordingly, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action pursuant to the NYLL.

### AS AND FOR A FOURTH CAUSE OF ACTION
### New York Labor Law- Unpaid Overtime
### (On Behalf of Trinidad Margarito)

71. Trinidad Margarito repeats and realleges each and every allegation contained in Paragraphs 1 through 70 with the same force and effect as if fully set forth herein.

72. Throughout the statute of limitations period covered by these claims, Trinidad Margarito worked in excess of forty (40) hours per week.

73. Defendants failed to compensate Trinidad Margarito at the rate of one and one-half times the regular rate of pay for overtime hours.

74. Defendants willfully violated Trinidad Margarito's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week in violation of the NYLL and regulations promulgated thereunder.

75. Defendants' failure to pay overtime premium compensation caused Trinidad Margarito to suffer loss of wages and interest thereon.

76. Accordingly, Trinidad Margarito is entitled to recover from Defendants unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Unpaid Spread-of-Hours Pay
### (On Behalf of Plaintiff Trinidad Margarito)

77. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 76 with the same force and effect as if fully set forth herein.

78. Under the NYLL, on each day in which the spread-of-hours exceeds ten (10), an employee is entitled to receive one (1) hour's pay at the basic minimum hourly wage rate before allowances, in addition to the minimum wages otherwise required.

79. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Trinidad Margarito spread-of-hours pay of an additional hour's pay at minimum wage for every day in which their workday spanned more than ten (10) hours.

80. By failing to pay Trinidad Margarito the spread-of-hours pay, Defendants have violated the New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, and 12 N.Y.C.R.R. Part 142-2.4.

81. Defendants' failure to pay Trinidad Margarito an additional hour's pay for each day Trinidad Margarito's spread of hours exceeded ten (10) hours was willful within the meaning of NYLL § 663.

82. Defendants' failure to pay spread-of-hours compensation caused Trinidad Margarito to suffer loss of wages and interest thereon.

83. Trinidad Margarito is entitled to recover from Defendants unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Illegal Deductions, New York Labor Law, Article 19 § 193
### 12 N.Y.C.R.R. § 2.10(a)
### (On Behalf of Trinidad Margarito)

84. Trinidad Margarito repeats and realleges each and every allegation contained in Paragraphs 1 through 83 with the same force and effect as if fully set forth herein.

85. In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from the Trinidad Margarito, including *inter alia*, deductions by requiring a superintendent to spend his own money on work-related expenses, which further reduced his wages below the required minimum wage, including but not limited to, cellular telephone expenses, supplying his own tools and supplies to complete mandated work.

86. As a result of the foregoing, Trinidad Margarito seeks judgment against Defendants for reimbursement of unlawful deductions, as well as liquidated damages, and interest, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Wage Theft Prevention Act- Wage Notice Violations
### (On Behalf of All Plaintiffs)

87. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 86 with the same force and effect as if fully set forth herein.

88. Defendants willfully failed to provide Plaintiffs and the New York Class with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such information as required by NYLL § 195(1)(a)-(c).

89. As a result of the foregoing, Plaintiffs are entitled to recover from Defendants fifty dollars ($50) for each work day that the violations occurred or continue to occur, or a total of five thousand ($5,000) dollars per employee, as provided for by the NYLL §§ 198(1)(b), together with costs and reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request that the Court grant the following relief:

1. That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the FLSA as to Plaintiffs;

2. That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

3. An award of compensatory damages as a result of the Defendants' willful failure to pay minimum wage, overtime and spread-of-hours compensation pursuant to the FLSA and NYLL and supporting regulations;

4. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and NYLL and supporting regulations;

5. Statutory damages pursuant to NYLL § 198(1)(b);

6. For interest on the amount of any and all economic losses, at the prevailing legal rate;

7. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b) and as otherwise provided by law; and

8. Such other relief as this Court deems just and proper.

9.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, NY
       January 18, 2017

                                DEALY SILBERSTEIN
                                & BRAVERMAN, LLP

                          By: _____
                                Milo Silberstein
                                *Attorneys for Plaintiffs Trinidad Margarito*
                                *and Guadalupe Margarito*
                                225 Broadway, Suite 1405
                                New York, NY 10007
                                (212) 385-0066